*E-Filed 02/05/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERTA L. SAXTON, | **No. C 07-02448 RS** |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEY FEES** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

I. INTRODUCTION

Plaintiff Roberta L. Saxton filed an application for Social Security disability insurance benefits in 2004. Her application was initially denied, and she sought review in this Court. In February 2008, the Court approved a stipulated remand for further proceedings. On remand, the Administrative Law Judge found that Saxton was in fact disabled. As a result of this decision, Saxton received a total of $61,095.00 in retroactive benefits, of which $15,273.75, or 25%, was withheld for potential attorney fees. In April 2008, the Court awarded $4,900.00 in attorney fees under the Equal Access to Justice Act ("EAJA"). Saxton's attorney Harvey P. Sackett now moves to recover the remainder of his fees pursuant to 42 U.S.C. § 406(b).

Under the terms of the contract between Saxton and Mr. Sackett, Mr. Sackett may receive a fee up to 25% of the past-due benefits for a favorable decision occurring after the initial hearing. The instant motion requests attorney fees equal to the full 25%, less the $4900.00 already disbursed to him under the EAJA. The net payment from Saxton's benefits award would therefore be $10,373.75.

## II. LEGAL STANDARD

Section 206(b) of the Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A).

This fee derives from funds withheld by the Social Security Administration from the past-due benefits payment. The Supreme Court has instructed courts to utilize the attorney-client fee agreement as a baseline when considering a fee motion under 42 U.S.C. § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-808 (2002). Courts must then review such fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Specifically, the district court is to analyze the attorney's recovery "based on the character of the representation and the results the representative achieved." The burden is on the attorney seeking fees to "show that the fee sought is reasonable for the services rendered." *Id.*

*Gisbrecht* identifies at least three examples of when a court-imposed fee reduction may be warranted. *Id.* at 807-08; *see also Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (2009) (listing these three circumstances and demonstrating how to analyze whether each circumstance exists, based on the facts). First, the fee may be reduced if the attorney's representation is substandard. *Gisbrecht*, 535 at 808. Second, if "the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Third, if "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* *Gisbrecht* authorized courts to consider evidence of the hours incurred and the hourly rates normally charged in non-contingent matters, "as an aid to the

court's assessment of the reasonableness of the fee yielded by the fee agreement," but cautioned that such an inquiry should not rise to the level of "satellite litigation" over fees. *Id.* Finally, the award of fees must be offset by any previous award of EAJA attorney fees. 28 U.S.C § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

In light of the entire record here, the Court concludes that the requested fee in the full amount of 25% of the recovery, as provided in the fee agreement, is reasonable.[1] There is no evidence of substandard work or delay by Mr. Sackett; nor is there evidence of a particularly large award resulting from an unusually small amount of work. Mr. Sackett amassed 30.6 hours on the case, plus 3.0 hours of paralegal time, resulting in an effective hourly rate of $488.75 for attorney time and $106.00 for paralegal time. These amounts are within the bounds of reasonableness considering Mr. Sackett's experience and expertise, as well as the risks posed by the contingent nature of the representation. Futhermore, no other basis appears that would warrant reducing the fees below the rate set by the contract. Accordingly, the motion will be granted.

### IV. CONCLUSION

For the reasons set forth above, the motion is granted. Plaintiff's counsel shall collect $10,373.75 in attorney fees.

IT IS SO ORDERED.

Dated: 02/05/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] In response to the motion, the Commissioner filed a brief taking no position on the reasonableness of the fee request, but providing legal and factual analysis designed to facilitate the Court's evaluation of the request.